Vincent R. **TERIO**, Plaintiff–Appellant,

v.

Michael **JOHANN**, Secretary of Agriculture ("USDA"), Robert Doar, Commissioner New York State of Temporary and Disability Assistance, Office of Temporary and Disability Assistance ("OTDA"), and Catherine Tompkins, Putnam County Department of Social Services, ("PCDSS"), Defendants–Appellees.

**No. 07–0310–cv.**

United States Court of Appeals, Second Circuit.

Dec. 11, 2007.

Vincent Terio, Fishkill, NY, pro se.

Lara K. Eshkenazi, Assistant United States Attorney, for Michael J. Garcia, United States Attorney, United States Attorney's Office, Southern District of New York, New York, NY, for Defendant–Appellee Michael Johann.

David Lawrence III, Assistant Solicitor General, for Andrew M. Cuomo, Attorney General, Office of the New York State, Attorney General, New York, NY, for Defendants–Appellees Robert Doar and the New York Office of Temporary and Disability Assistance.

Michael Santangelo, Santangelo Randazzo & Mangone LLP, New York, NY, for Defendant–Appellee Catherine Tompkins.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. CHESTER J. STRAUB and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Appellant Vincent R. Terio, *pro se*, appeals the judgment of the United States District Court for the Southern District of New York (Robert P. Patterson, *Judge* ) of September 29, 2006, 2006 WL 2819659, and entered on October 2, 2006, dismissing his complaint for lack of subject matter jurisdiction and failure to state a claim, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. We assume the parties' familiarity with the facts and procedural history of the case, and the arguments on appeal.

This Court reviews the dismissal of a cause of action under Rules 12(b)(1) and 12(b)(6) *de novo.* *See Jaghory v. New York State Dep't of Educ.,* 131 F.3d 326, 329 (2d Cir.1997). Under this standard of review, "the court must accept all factual allegations in the complaint as true and draw inferences from those allegations in the light most favorable to the plaintiff." *Id.* "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States,* 201 F.3d 110, 113 (2d Cir.2000). Having reviewed the record, we agree that Terio's complaint was properly dismissed essentially for the reasons stated by the District Court.

The judgment of the District Court is therefore AFFIRMED.